UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS ROBERSON,

    Plaintiff,

v.                                                     Case No. 8:17-cv-1225-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1964, is high-school educated, and has past relevant work experience as a janitor, security guard, and a stock clerk. (R. 41, 65, 199). On September 3, 2013, the Plaintiff applied for SSI, alleging disability as of October 7, 2010. (R. 72, 174-83). The Social Security Administration (SSA) denied his application both initially and on reconsideration. (R. 72-103, 111-16).

At the Plaintiff's request (R. 117-18), an ALJ conducted a hearing on the matter on December 14, 2015 (R. 35-70). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id.* A vocational expert (VE) also testified. (R. 65-70). During the course of the hearing, the Plaintiff amended his onset date to August 5, 2014. (R. 193).

In a decision dated March 29, 2016, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since his amended onset date; (2) had the severe impairments of morbid obesity, mood disorder, right carpal tunnel syndrome, cervical and lumbar degenerative disc disease, and generalized arthritis in the shoulders, lumbosacral spine, knees, ankles, and feet; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work, subject to certain non-exertional, environmental, and mental limitations; and (5) could not perform his past relevant work but was capable of performing other jobs that exist in significant numbers in the national economy. (R. 22-30). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 30).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)).[2] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given his or her RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden,

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

III.

The Plaintiff asserts three arguments on appeal: (1) the ALJ failed to properly consider the Plaintiff's systemic lupus erythematosus (SLE or lupus)[3] and symptoms stemming from that condition in making the disability determination; (2) the ALJ's credibility findings regarding the Plaintiff's subjective complaints, including those allegedly related to his lupus, are not supported by substantial evidence;[4] and (3) the ALJ's RFC determination is likewise not adequately supported. (Doc. 25).

In response, the Commissioner contends that the ALJ properly considered the Plaintiff's combination of impairments, and that her assessment of the Plaintiff's subjective complaints and RFC are both sufficiently buttressed by the record. (Doc. 32).

Upon a thorough review of the matter, the Court finds that the ALJ's consideration and evaluation of the combination of the Plaintiff's lupus-related impairments and attendant subjective complaints constitute error requiring reversal and remand.

---

[3] SLE is defined as an autoimmune disorder that occurs when the immune system attacks the body's own tissues and organs. It may involve many organs and systems, including the skin, joints, kidneys, lungs, central nervous system, and blood-forming (hematopoietic) system. SLE's common symptoms include extreme fatigue, skin problems, and joint and muscle pain and weakness. United States National Library of Medicine, *Systemic Lupus Erythematosus*, at https://ghr.nlm.nih.gov/condition/systemic-lupus-erythematosus (last visited Feb. 27, 2019).
[4] Other than SLE, the Plaintiff claims that he had a number of other impairments, including carpal tunnel syndrome, diffuse arthritis, degenerative disc disease, and severe depression. (Doc. 25 at 15). The focus of his appeal, however, is on the ALJ's failure to consider his claim of SLE and related symptoms.

A.

At step two of the sequential evaluation process, the ALJ must gauge whether the claimant has a medically determinable impairment (or combination of impairments) that is severe. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.921. This step in the disability evaluation process is a "threshold inquiry," under which "only the most trivial impairments are to be rejected." *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). Severity of an impairment, however, is "measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Generally, the finding of any severe impairment is enough to satisfy step two. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (citations omitted); *see Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) (per curiam) ("[T]he ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied); *see Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam) (noting that an ALJ's failure to identify an impairment as severe, where the ALJ found that the plaintiff suffered from at least one severe impairment, constituted harmless error and was, in fact, sufficient to meet the requirements of step two, and additionally noting that nothing requires the ALJ to identify, at step two, all of the impairments that could be considered severe).

Here, as noted above, the ALJ determined that the Plaintiff had several severe impairments at stage two and therefore continued on in the sequential evaluation process. Because the ALJ determined that Plaintiff suffered from at least one severe impairment at step two and thereafter proceeded beyond that stage as he did, any error he committed in failing to find that Plaintiff suffered from other severe impairments at step two is rendered harmless. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853-54 (11th Cir. 2013) (per curiam); *Packer*, 542 F. App'x at 892; *Heatly*, 382 F. App'x at 824-25.

While an ALJ need not determine whether every alleged impairment is "severe" at step two, the ALJ must consider all impairments, regardless of their severity, in conjunction with one another in performing the later steps of the sequential evaluation process. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). Similarly, in rendering the RFC, the ALJ must consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e). The Court agrees with the Plaintiff that the ALJ erred at the later stages of the disability evaluation process.

At the hearing, the Plaintiff testified that he was disabled as a result of a combination of a number of impairments, including lupus, carpal tunnel syndrome, and arthritis throughout multiple joints.[5] (R. 39). On questioning by the ALJ, the

---

[5] In his application for disability, the Plaintiff did not list lupus as a condition that limited his ability to work. (R. 198). The fact that he raised it at the hearing, however, required the ALJ

7

Plaintiff explained that he was under treatment by Dr. Flavio Arana for lupus, pain, and generalized arthritis. (R. 49). He also explained that his lupus-related symptoms included rashes, extreme fatigue, and problems with his kidneys, and that Dr. Arana had prescribed hydroxychloroquine to treat his lupus.[6] (R. 49-50).

Contrary to the Commissioner's arguments, the medical records support Plaintiff's claim that he suffered from lupus. The records indicate, for example, that the Plaintiff began treatment with Dr. Arana at the Bond Clinic on or before October 9, 2014, and that he was initially assessed with inflammatory polyarthropathy, as well as degenerative arthritis of the lumbar and cervical spine. (R. 268). Dr. Arana also found a positive antinuclear antibody test (ANA positive), which is used to diagnose autoimmune disorders, including SLE. *See* United States National Library of Medicine, MedlinePlus, Antinuclear Antibody Panel, at https://medlineplus.gov/lab-tests/ana-antinuclear-antibody-test/ (last visited Feb. 27, 2019). Although the Plaintiff was told that this test result constituted a false positive, the subsequent treatment notes from July 27, August 7, and August 31, 2015, all show that the Plaintiff's ANA positive was still present at the time of such examinations and that Dr. Arana suspected a diagnosis of lupus. (R. 303, 316, 324).

---

to consider and evaluate that impairment as part of his disability determination. *Walker v. Bowen*, 826 F.2d 996, 1001-02 (11th Cir. 1987); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986).

[6] Hydroxychloroquine is a drug used to treat SLE and rheumatoid arthritis in patients whose symptoms have not improved with other treatments. United States National Library of Medicine, MedlinePlus, https://medlineplus.gov/druginfo/meds/a601240.html. (last visited Feb. 27, 2019).

In particular, the treatment notes from July 27, 2015, evidence that the Plaintiff was found to be ANA positive and that lupus results were discussed with him. (R. 324). Similarly, on August 7, 2015, while being assessed at the Bond Clinic, the Plaintiff rendered a positive immunological test and was found to be ANA positive, to suffer from multiple joint pain, anemia, and polyarthritis-arthralgia, and to have elevated erythrocyte sedimentation rate suggesting possible SLE. (R. 316). The Plaintiff was also described as symptomatic for SLE and was administered Decadron and prescribed hydroxychloroquine to treat his SLE symptoms. *Id*. Likewise, on August 31, 2015, the Plaintiff was rechecked for multiple joint pain (R. 298), was found to suffer from fatigue, joint paint, and muscle weakness, and was taking hydroxychloroquine, among other medications (R. 300-01).

Notwithstanding this lupus-related evidence in the record, it is evident that the ALJ did not consider the severity or symptoms of the Plaintiff's lupus and all of his alleged impairments in determining his RFC. In fact, the ALJ's assessment of the Plaintiff's RFC omitted any mention or discussion of the Plaintiff's alleged lupus-related symptoms. (R. 25-28). Because the Plaintiff's claims of pain and extreme fatigue, evaluated in combination with his other severe impairments, could have had an effect on the ALJ's RFC determination, the ALJ's failure to consider the Plaintiff's alleged lupus-related symptoms and limitations does not amount to harmless error. *Cf. Springer v. Colvin*, 2015 WL 6503700, at *6 (N.D. Ala. Oct. 28, 2015) (finding that an ALJ's error to find plaintiff's lupus as a non-severe impairment was harmless because the ALJ considered the plaintiff's lupus in his RFC assessment).

B.

The Plaintiff's second claim of error provides further grounds for remand. As noted, the Plaintiff argues in this regard that the ALJ's credibility finding regarding his subjective complaints is not supported by substantial evidence. (Doc. 25 at 12-13). The Court agrees.

In this Circuit, an ALJ's consideration of a claimant's subjective complaints is governed by the "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id*.

Where a claimant satisfies this "pain standard," the Regulations dictate that the ALJ then evaluate the intensity and persistence of the symptoms to determine how they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c), 416.929(c). If the ALJ elects not to credit the claimant's subjective testimony, however, she must articulate explicit and adequate reasons for his decision. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted). A reviewing court will not disturb a clearly articulated credibility finding supported by substantial evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995).

In this case, in reaching her credibility determination, the ALJ determined that the Plaintiff's "medically determinable impairments," which did not include lupus,

"could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the evidence." (R. 26). In support of this determination, the ALJ noted that the Plaintiff's "allegations [were] only partially consistent with the evidence because the treatment records [did] not support his allegations." *Id*. The ALJ then proceeded to discuss the medical evidence discrediting the Plaintiff's testimony of physical and mental impairments arising from his arthritic pain, carpal tunnel syndrome, and depression, but conspicuously failed to discuss the Plaintiff's testimony regarding lupus and any evidence in the record supporting such testimony.

While this court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record, *Foote,* 67 F.3d at 1562, there is simply no articulated credibility finding by the ALJ regarding the Plaintiff's alleged lupus-related symptoms to disturb here. Based on the foregoing, the Court finds that the ALJ did not properly consider the Plaintiff's subjective complaints, and that the case must therefore be remanded for this reason as well.

The Commissioner's arguments to the contrary are unavailing. The Commissioner appears to contend in this regard that the record does not support the Plaintiff's diagnosis of lupus and that the ALJ was therefore not required to address such testimony. *See* (Doc. 32 at 8). As discussed above, however, the record contains evidence supporting the Plaintiff's testimony of lupus and that, by failing to address that evidence, it is impossible for the Court to determine whether, in assessing the

Plaintiff's credibility, the ALJ properly "considered the [Plaintiff's] medical condition as a whole." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1561) (internal quotation marks omitted).

C.

In light of the above findings, the Court need not address the Plaintiff's remaining claim of error. *See Demench v. Sec'y of Dep't of Health and Human Services,* 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings). On remand, the Commissioner should properly evaluate the Plaintiff's alleged lupus-related limitations and reassess the entire record.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Order.

2) The Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case.

3) The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 28th day of February 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record